IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**REBECCA HUGHES,**

      **Plaintiff,**

v.                                                   Civil Action No. 3:20-CV-00025

**SEVENTEENTH STREET ASSOCIATES,
LLC d/b/a HUNTINGTON HEALTH AND
REHABILITATION CENTER,**

      **Defendant.**

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, Seventeenth Street Associates, LLC d/b/a Huntington Health and Rehabilitation Center ("Defendant"), by and through counsel, Anders W. Lindberg, Andrew P. Smith, and the law firm of Steptoe & Johnson PLLC, and sets forth the following answers and defenses to Plaintiff's Complaint.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

In specific response to the specific allegations contained within Plaintiff's Complaint, Defendant responds as follows:

1. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of Plaintiff's Complaint contains a legal conclusion to which no response is required.

1

4. Paragraph 4 of Plaintiff's Complaint contains a legal conclusion to which no response is required.

5. Paragraph 5 of Plaintiff's Complaint contains a legal conclusion to which no response is required.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

8. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

9. Paragraph 9 of Plaintiff's Complaint contains a legal conclusion to which no response is required.

10. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

11. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Paragraph 23 of Plaintiff's Complaint contains a legal conclusion to which no response is required.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant restates its responses to Paragraphs 1-29 as if fully restated herein.

31. Paragraph 31 of Plaintiff's Complaint contains a legal conclusion to which no response is required.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

38. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant restates its responses to Paragraphs 1-40 as if fully restated herein.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant restates its responses to Paragraphs 1-42 as if fully restated herein.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Paragraph 45 of Plaintiff's Complaint contains a legal conclusion to which no response is required.

46. Paragraph 46 of Plaintiff's Complaint contains a legal conclusion to which no response is required.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 48 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

49. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 49 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

50. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 50 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant restates its responses to Paragraphs 1-52 as if fully restated herein.

54. Paragraph 54 of Plaintiff's Complaint contains a legal conclusion to which no response is required.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant restates its responses to Paragraphs 1-56 as if fully restated herein.

58. Paragraph 58 of Plaintiff's Complaint contains a legal conclusion to which no response is required.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. The WHEREFORE paragraph and numerated subparts (a) - (i) is a claim for damages to which no response is required. To the extent a response is required, it is denied.

### THIRD DEFENSE

Defendant acted at all times in good faith and upon the basis of legitimate, non-discriminatory, non-retaliatory, lawful business factors in its dealings with Plaintiff.

### FOURTH DEFENSE

Plaintiff's own acts are the proximate cause of her loss of employment.

**FIFTH DEFENSE**

Plaintiff has failed to mitigate her damages.

**SIXTH DEFENSE**

Plaintiff was at all times was an "at-will" employee.

**SEVENTH DEFENSE**

Defendant asserts the defense of after acquired evidence.

**EIGHTH DEFENSE**

To the extent that investigation or discovery reveal that Plaintiff engaged in additional conduct warranting her discharge, Defendant will rely upon that evidence as a limitation upon Plaintiff's damages.

**NINTH DEFENSE**

Notwithstanding Plaintiff's claim of an illegal animus, Defendant would have nevertheless made the same employment decisions with respect to Plaintiff.

**TENTH DEFENSE**

Because Plaintiff was an employee-at-will, any award of front pay relating to her is highly speculative and improper.

**ELEVENTH DEFENSE**

The Plaintiff's alleged damages, if any, should be reduced by the value of her interim earnings.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

**THIRTEENTH DEFENSE**

Plaintiff is not entitled to an award of any damages in this case.


## FOURTEENTH DEFENSE

Plaintiff is not entitled to recover punitive damages. Punitive damages are not available remedies for some or all of Plaintiff's claims. Defendant's actions were not willful, malicious and without justification. To the extent Plaintiff's Complaint seeks to make Defendant liable for punitive damages, Defendant adopts by reference whatever defenses, criteria, limitations and standards are mandated by the United States Supreme Court's decision in *BMW of North America, Inc. v. Gore,* 116 S. Ct. 1589 (1996). There are no adequate safeguards with respect to the imposition of punitive damages against Defendant as presently applied to meet the requirements of due process of law under the Fourteenth Amendment of the Constitution of the United States. Accordingly, the imposition of punitive damages in this case against Defendant would violate that Amendment of the Constitution of the United States.

## FIFTEENTH DEFENSE

The defendant, not being advised of all facts and circumstances surrounding this action, reserves unto itself all those defenses set forth in Rules 8 and 12 of the *Federal Rules of Civil Procedure*, and such other defense, affirmative or otherwise, as may prove applicable through investigation and discovery.

> **SEVENTEENTH STREET ASSOCIATES, LLC d/b/a/ HUNTINGTON HEALTH AND REHABILITATION CENTER**
>
> Of Counsel
>
> /s/Andrew P. Smith
> Anders W. Lindberg (WVSB #8876)
> Andrew P. Smith (WVSB #12338)
> STEPTOE & JOHNSON, PLLC
> 825 Third Avenue, Suite 400
> P.O. Box 2195
> Huntington, WV  25722-2195
> Phone: (304) 522-8290

                Fax: (304) 526-8089
                anders.lindberg@steptoe-johnson.com
                andrew.smith@steptoe-johnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**REBECCA HUGHES,**

    **Plaintiff,**

**v.**                                                                      Civil Action No. 3:20-CV-00025

**SEVENTEENTH STREET ASSOCIATES,
LLC d/b/a HUNTINGTON HEALTH AND
REHABILITATION CENTER,**

    **Defendant.**

## CERTIFICATE OF SERVICE

I certify that, on the 4th day of March, 2020, I filed the foregoing **"Defendant's Answer to Plaintiff's Complaint"** with the Clerk of the Court using the CM/ECF system, which may send notification of such filing to counsel of record as follows:

Richard W. Walters
Carl W. Shaffer
Shaffer & Shaffer, PLLC
P.O. Box 3973
Charleston, WV 25339
*Counsel for Plaintiff*

                                                                         /s/Andrew P. Smith